**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2318
_____

OLARIO MITCHELL PALACIO,
                                                      Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:23-cv-02282)
District Judge: Honorable Karen M. Williams
_____

Submitted Pursuant to Third Circuit Third Circuit LAR 27.4 and I.O.P. 10.6
on September 21, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: October 10, 2023)
_____

_____

OPINION[*]

_____

PER CURIAM

Appellant Olario Palacio, proceeding pro se, appeals from the District Court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We will summarily affirm the District Court's order.

In November 2020, Palacio entered a guilty plea in the Middle District of Florida for, among other things, conspiring to distribute five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of the Maritime Drug Law Enforcement Act (MDLEA), see 46 U.S.C. § 70503(a)(1). Palacio was sentenced to 210 months' imprisonment. His conviction and sentence were affirmed on direct appeal. See United States v. Palacio, No. 21-10622, 2022 WL 711291 (11th Cir. 2022). Palacio did not seek collateral relief under 28 U.S.C. § 2255.

Palacio is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey. In April 2023, Palacio filed a § 2241 petition in the District of New Jersey, raising an as-applied constitutional challenge to the MDLEA provision to which he pleaded guilty. The District Court dismissed his petition for lack of jurisdiction because Palacio's petition attacked his conviction – not the execution of his sentence – and § 2255

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

accordingly provided an adequate avenue for relief.  See ECF No. 8 at 3.  Palacio appealed.[1]

We exercise plenary review over the District Court's legal conclusions and review the District Court's factual findings for clear error.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).  We may summarily affirm a District Court's judgment on any basis supported by the record if the appeal does not raise a substantial question.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences" on constitutional grounds. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  The "saving clause" contained in § 2255(e) provides an exception to this rule when a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention."  28 U.S.C. § 2255(e); see also Jones v. Hendrix, 143 S. Ct. 1857, 1867 (2023) (discussing the saving clause).  In his § 2241 petition, Palacio contended that his conviction was unconstitutional in light United States v. Davila-Mendoza, 972 F.3d 1264 (11th Cir. 2020).  In Davila-Mendoza, the Eleventh Circuit considered an as-applied constitutional challenge to the MDLEA (the details of which are not relevant here), concluded that the MDLEA was unconstitutional, and vacated the defendants' convictions.  Id. At 1267.  Palacio's

---

[1] The Clerk of this Court notified the parties that the matter was being considered for possible summary action.  In this Court, the Government submitted a response in support of summarily affirming the District Court's order.  See C.A. No. 7.

invocation of <u>Davila-Mendoza</u> and his as-applied constitutional claim are attempts to attack his conviction and sentence. Palacio could have raised these claims on direct appeal, as <u>Davila-Mendoza</u> was issued ten months before Palacio entered his guilty plea. And, Palacio has not yet filed a § 2255 motion.[2] For these reasons, Palacio has not demonstrated that relief via § 2255 was inadequate. Accordingly, the District Court for the District of New Jersey properly dismissed Palacio's § 2241 petition for lack of jurisdiction.

Because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. L.A.R. 27.4; IO.P. 10.6. In light of this disposition, Palacio's motion to appoint counsel is denied. <u>See</u> C.A. No. 9.

---

[2] To the extent that Palacio wishes to file a § 2255 motion in the Middle District of Florida, we express no opinion on the merits or timeliness of such a motion. We do note that § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." <u>Cradle</u>, 290 F.3d at 539.